UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS ALBERTO LAUSELL,

        Petitioner,

      v.

SAMUEL J. PLUMERI, JR.,

        Respondent.

Civil Action No. 25-15459 (KMW)

**MEMORANDUM OPINION**

This matter comes before the Court on Petitioner Luis Alberto Lausell's habeas petition filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) As Petitioner has paid the applicable filing fee, this Court is required to screen his complaint pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his habeas petition, Petitioner readily admits that he did not file a direct appeal, and did not exhaust his many claims by filing a petition for post-conviction relief prior to filing his habeas petition in this matter. (*See* ECF No. 1 at 5-11.) It is thus clear that all of Plaintiff's current claims are unexhausted. A habeas petition "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir.

2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). As the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at \*1-3 (D.N.J. March 10, 2015).

As Petitioner readily admits that he did not even attempt to fully exhaust his claims upon allegedly discovering them earlier this year, he has failed to exhaust his state court remedies. Where a habeas petitioner fails to exhaust his remedies before filing a habeas petition, a federal court must either dismiss the petition without prejudice; stay the habeas petition pending exhaustion if the Petitioner can show his claims have at least arguable merit, there is no evidence of dilatory tactics, and the Petitioner has shown good cause for the failure to exhaust; permit Petitioner to delete his unexhausted claims and proceed on only exhausted claims, or deny the petition on the merits if it is clear that the claims presented are meritless. *See Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). Here, Petitioner has not requested a stay, nor has he provided any reason for this Court to believe that he has good cause for his failure to even attempt to exhaust his claims in state court, especially in light of the *sixteen years* which passed between Petitioner's sentencing and his filing of this matter. Petitioner is therefore not entitled to a stay of this matter. *Id.* As Petitioner has no unexhausted claims, and this Court cannot determine the merits of Petitioner's claims on the

2

current record, this Court has only one option: it must dismiss Petitioner's habeas petition without prejudice for lack of exhaustion. Petitioner's habeas petition shall therefore be dismissed.

Although Petitioner's failure to exhaust is sufficient to warrant the dismissal of this matter, the Court further notes that Petitioner's habeas petition is almost certainly time barred. Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which generally begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction became final forty-five days after he was sentenced when his time to appeal expired, which occurred in the summer of 2009. (*See* ECF No. 1 at 1.) Petitioner did not file his habeas petition until the fall of 2025, some sixteen years later. Absent a basis for tolling or a later start date for the statute of limitations, Petitioner's habeas petition is clearly time barred.

Petitioner does not provide any basis for tolling in his habeas petition and this Court perceives no such basis.[1] Petitioner instead argues that his one-year limitations period should run from his "discovery" of a medical report in 2025 which Petitioner believes would have undercut any proof of his guilt. Petitioner asserts that his limitations period should therefore run from this late discovery. Unfortunately for Petitioner, he also alleges that this document was available to the sentencing judge – and almost certainly to his own attorney – at his sentencing, well over a

---

[1] Although a properly filed post-conviction relief petition will provide a basis for tolling in a habeas proceeding, *see Jenkins*, 705 F.3d at 85. Petitioner did not file any form of collateral attack on his sentence or conviction until mid-2022, long after his limitations period would have expired. Such tolling would thus be of no help to Petitioner

decade before the alleged "discovery." While 28 U.S.C. § 2244(d)(1)(D) provides for a later start date for the one year limitations period where the factual predicate for a claim is discovered only after the conviction becomes final, the statute provides for a later start date only where the factual predicate for the petitioner's claim could not have been discovered previously through the exercise of due diligence. Here, Petitioner provides no basis to conclude that the medical report, which he asserts was available at sentencing, could not have been discovered sooner through an exercise of due diligence. Petitioner does not explain why he could not have discovered the document prior to 2025, and given that he asserts it was in the record for sentencing, it very much appears that the document could easily have been discovered long before Petitioner's current petition was filed. As such, § 2244(d)(1)(D) does not provide a basis for a later start date, and Petitioner's habeas petition appears to be well and truly time barred by more than a decade. Thus, even had Petitioner exhausted his claims, his habeas petition would still be subject to dismissal as untimely filed.[2]

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the

---

[2] Should Petitioner exhaust his claims and seek to file a new habeas petition, he should be prepared to show why his petition should not be dismissed as untimely. Because habeas petitioners are generally entitled to at least one opportunity to explain why their habeas petitions' should not be dismissed with prejudice, the dismissal of Petitioner's habeas petition at this time shall be without prejudice notwithstanding the apparent time bar.

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas petition is unexhausted and time barred and must be dismissed without prejudice as such, Petitioner shall be denied a certificate of appealability as to the dismissal of his petition.

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as unexhausted and time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge