## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LUIS ALBERTO LAUSELL,

        Petitioner,

        v.

SAMUEL J. PLUMERI, JR.,

        Respondent.

Civil Action No. 25-15459 (KMW)

**MEMORANDUM OPINION**

This matter comes before the Court on Petitioner Luis Alberto Lausell's motion for reconsideration of the dismissal of his habeas petition brought pursuant to Rule 59(e) of the Rules of Civil Procedure. By way of background, this Court screened and dismissed Petitioner's habeas petition because Petitioner had failed to exhaust his administrative remedies and his petition was clearly time barred as it was filed some sixteen years after Petitioner's conviction became final. (*See* ECF No. 4.) Petitioner now seeks to challenge that decision, arguing both that his failure to exhaust should be excused as the state courts declined to consider his most recent filings, and because he believes that he should be accorded sufficient tolling to render his habeas petition timely filed despite the massive gap between the conclusion of his criminal proceedings and the filing of his habeas petition.

The scope of a motion for reconsideration of a final judgment brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the

court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d

237, 251 (3d Cir. 2010)).  In this context, manifest injustice "generally . . . means that the Court

overlooked some dispositive factual or legal matter that was presented to it," or that a "direct,

obvious, and observable" error occurred.  *See Brown v. Zickefoose*, Civil Action No. 11-3330,

2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

Turning first to the exhaustion issue, this Court previously explained as follows:

> In his habeas petition, Petitioner readily admits that he did not file a
> direct appeal, and did not exhaust his many claims by filing a
> petition for post-conviction relief prior to filing his habeas petition
> in this matter. (*See* ECF No. 1 at 5-11.) It is thus clear that all of
> Plaintiff's current claims are unexhausted.  A habeas petition
> "cannot proceed unless all meritorious claims have been exhausted
> in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir.
> 2014).  To satisfy the exhaustion requirement, "state prisoners must
> give the state courts one full opportunity to resolve any
> constitutional issues by invoking one complete round of the State's
> established appellate review process." *O'Sullivan v. Boerckel*, 526
> U.S. 838, 845 (1999).  "The burden is on the habeas petitioner to
> prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d
> Cir. 2005).  The exhaustion doctrine mandates that the claim "must
> have been 'fairly presented' to the state courts." *Bronshtein v. Horn*,
> 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404
> U.S. 270, 275 (1971)).  As the exhaustion rule requires a habeas
> petitioner to afford the state courts the opportunity to resolve the
> federal constitutional issues before he goes to the federal court for
> habeas relief, a habeas petition challenging a New Jersey judgment
> of conviction must fairly present each alleged federal ground for
> relief raised in his habeas petition to all three levels of the New
> Jersey state courts – the Law Division, Appellate Division, and New
> Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S.
> 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*,
> No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015).

(ECF No. 4 at 1-2.)

Although Petitioner admits that the state courts never ruled upon any of his current claims,

he argues that, in light of some filings he made between 2022 and the present which were not

considered on the merits by the state courts, his failure to exhaust his claims should be excused. The documents Petitioner provides shows that he filed a document titled a "motion to vacate sentence" in the state courts in September 2022. (ECF No. 6-3 at 1.)  That filing did not contain any of Petitioner's current claims, and instead pursued claims based on overcharging, a coerced plea, and alleged failure of counsel to oppose the overcharging. (*Id*. at 1-16.)  The state court did not consider this document on the record, and instead sent Petitioner a letter informing him that his letter was improper under the applicable state procedural rules, and that Petitioner would need to file a petition for post-conviction relief if he wished to challenge his conviction. (*See Id*. at 18.) Petitioner refused to take this advice, and instead submitted a motion accusing the judge who so advised him of malfeasance. (*Id*. at 18-22.)  When this, too, did not bear fruit, Petitioner submitted his motions to the Appellate Division, apparently seeking to bypass the trial level court. (*Id*. at 27.)  In February 2023, the Appellate Division sent Petitioner a letter, returning his documents, and telling him they did not exist as a general oversight board and that he would need to pursue his claims through the proper means in the trial court before he could file an appeal to the Appellate Division. (*Id*. at 28-23.)

These documents do not provide Petitioner the aid he believes they should.  Instead, they show that Petitioner filed challenges in the state court only in a procedural format in which their merits would not be subject to review.  Indeed, when told the proper mechanism, Petitioner refused to use it and continued to use procedurally improper forms to press claims unrelated to Petitioner's habeas petition.  As a claim is not "fairly presented" sufficient to satisfy the exhaustion requirement where some available process remains and the claim was only presented to the state appellate courts "in a procedural context in which its merits will not be considered," *Castille v. Peoples*, 489 U.S. 346, 351 (1989), these actions do not constitute the exhaustion of any claims.  Petitioner

was provided with the proper mechanism and declined to use it, his filings do not satisfy the exhaustion requirement and instead indicate that at least some process was available and Petitioner failed to use it. Indeed, even if Petitioner's actions in 2022 and 2023 could have exhausted *some* claims, they could not have exhausted the claims Petitioner now wishes to seek because he did not raise them in that petition. Petitioner's claims remain clearly unexhausted and this Court therefore did not err in dismissing his habeas petition as such.

Petitioner also challenges this Court's decision to dismiss his habeas petition as untimely filed. As previously explained to Petitioner, petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which generally begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction became final forty-five days after he was sentenced when his time to appeal expired, which occurred in the summer of 2009. (*See* ECF No. 1 at 1.) Petitioner did not file his habeas petition until the fall of 2025, some sixteen years later. Absent a basis for tolling or a later start date for the statute of limitations, Petitioner's habeas petition is clearly time barred.

Although Petitioner argues that his claim should accrue later because he did not have a copy of the report that undergirds his *Brady* and related claims until 2025, under 28 U.S.C. 7 2244(d), late discovered evidence will only provide a basis for a later start date either where the state stood in the way of its discovery, or the item could not have been discovered sooner by reasonable diligence. Here, Petitioner directly states in his habeas petition that *his own mother* had

4

a copy of the report in question, and provided that report to his attorney. (ECF No. 1 at 6.) The document was therefore discoverable long before his sentence, and the lack of state disclosure is immaterial – Petitioner directly states that both his mother and his attorney had seen and possessed copies of this report, and the only thing which evaded Petitioner was his knowledge of its "legal significance." The document was clearly discoverable by the time of his guilty plea and sentence, as was the fact that it was not used in evidence at any trial as Petitioner *pled guilty* to a lesser charge, and Petitioner's late day rediscovery and reconsideration of the document provides no basis for a later start date for the statute of limitations. Statutory tolling is likewise unavailable to Petitioner because he did not file any challenge to his sentence until 2022, long after the one year period had run, and that challenge itself was not properly filed sufficient to warrant tolling. *See, e.g., Jenkins*, 705 F.3d at 85. Absent equitable tolling, Petitioner's habeas petition is clearly time barred.

Petitioner has not shown a valid basis for equitable tolling. Equitable tolling requires a showing that "(1) that [the petitioner] faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Petitioner attempts to argue that he was "stonewalled" and prevented from reconsidering the doctor's report for years and that this is an extraordinary circumstance warranting relief. Petitioner, however, states in his petition that both his mother and attorney had copies of the report, and that he and his family were aware of it before his sentencing. He thus could easily have asked counsel or his mother for a copy, or sought a copy from the doctor himself. Petitioner has only asserted, and not actually attempted to show, that he was in any way prevented from getting a copy of the document, and thus cannot make out

a claim that extraordinary circumstances prevented him from pursuing his claims. Likewise, Petitioner merely asserts that he was diligent, but makes no attempt to show that he took *any actions whatsoever* to pursue his rights between his sentencing and his filing of an entirely different set of claims in 2022, a stretch of a decade. Petitioner thus has not shown diligence and is also not entitled to equitable tolling in any event. Petitioner's claims are thus well and truly time barred and this Court did not err in so finding.

Finally, Petitioner argues that his untimely filing should be excused because he believes he is actually innocent in light of the medical report casting some doubt on whether he actually committed "aggravated sexual assault" -rather than the endangering of the welfare of a minor of which he was actually committed – against the victim. Although a habeas petitioner's actual innocence can serve as a gateway to habeas one year statute of limitations, it is not enough that a habeas petitioner merely *assert* his innocence, he must actually show "that it is more likely than not that no reasonable juror would have convicted him." *See McQuiggan v. Perkins*, 569 U.S. 383, 391-99 (2013). Such a showing requires a presentation of new, credible evidence of his factual innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401.

The documents Petitioner himself provides however, severely undermine the value of any such report. The police reports Petitioner provides indicates that Petitioner's charges were based on his having forced a young boy to lick the anus of his brother. (*See* ECF No. 3.) That there were no signs of physical damage or clear and lasting physical trauma from this action is largely immaterial to the fact that Petitioner was charged based on the testimony of the boys, their mother, and other witnesses who heard them tell their mother what Petitioner had forced them to do after Petitioner threatened to castrate them if they did not. (*Id.*) The report thus appears, at best, to be

6

a red herring, and in any event their remains evidence supporting Petitioner's conviction that is not affected by the report. As a juror could have concluded from the boys testimony, their upset report to their mother shortly after the incident occurred, and the surrounding evidence that Petitioner was guilty of at least the endangering the welfare of a child to which he pled guilty, Petitioner is not actually innocent of the charged offense, and his protestations of innocence do not warrant a basis to evade the time bar. *See McQuiggan* 569 U.S. at 391-401. Petitioner's arguments are thus unavailing, his petition remains well and truly time barred. Petitioner has thus not shown any error by this Court, and his Rule 59(e) motion must be denied. Because Petitioner has now had an opportunity to address the time bar issue and has failed to show a basis to evade the bar, Petitioner's habeas petition shall now be dismissed with prejudice for time bar purposes, and the dismissal shall be amended to reflect that result.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that

Petitioner's habeas petition is unexhausted and time barred and must be dismissed with prejudice as time barred as a result, Petitioner is once again denied a certificate of appealability as to the dismissal of his petition.

In conclusion, Petitioner's Rule 59(e) motion is **DENIED**, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred and unexhausted, and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge

11/3/2025