**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LUIS ALBERTO LAUSELL,**<br>*Petitioner,*<br>v.<br>**SAMUEL J. PLUMERI, JR.,**<br>*Respondent.* | Civil Action No. 25-15459<br>**MEMORANDUM OPINION AND ORDER**<br>November 20, 2026 |

**THIS MATTER** comes before the Court on Petitioner Luis Alberto Lausell's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), an indicative ruling pursuant to Rule 62.1, and emergency injunctive relief ("Motion"). (ECF No. 15.) For the reasons stated below, the Motion is **DENIED IN PART** and **DISMISSED IN PART.**

On September 9, 2025, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his New Jersey conviction and resulting sentence ("Petition"). (ECF No. 1.) The Court dismissed the Petition without prejudice on October 14, 2025, because Petitioner had failed to exhaust his state-court remedies and because the Petition appeared untimely under the one-year limitations period imposed by 28 U.S.C. § 2244(d). (ECF Nos. 4, 5.) On November 3, 2025, the Court denied Petitioner's Motion for Reconsideration and dismissed the Petition with prejudice as time-barred. (ECF Nos. 8, 9.) The Third Circuit subsequently denied Petitioner's request for a certificate of appealability. (ECF No. 17.)

In the present Motion, Petitioner argues that the Court failed to address whether the factual basis supporting his guilty plea established the elements of the offense under N.J.S.A. 2C:24-4(a).

(ECF No. 15.) Relying on an excerpt of his plea transcript, Petitioner contends that his admissions were insufficient to support the conviction and that plea counsel was ineffective for failing to object. (*Id.* at 4, 9–14.) He also seeks an injunction suspending or modifying the conditions of his Parole Supervision for Life. (*Id.* at 5–6.)

**A. Rule 60(b)(6)**

Rule 60(b)(6) permits relief from a final judgment only in extraordinary circumstances. Fed. R. Civ. P. 60(b)(6); *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). In the habeas context, a Rule 60(b) motion is proper when it challenges a defect in the integrity of the federal habeas proceeding. It is not proper when it asserts or reasserts a substantive ground for relief from the underlying state conviction. *Id.* at 531–32.

Petitioner identifies no defect in the integrity of the prior habeas proceeding. (ECF No. 15.) The Court dismissed his Petition because he had failed to exhaust his state-court remedies and because the Petition was untimely. (ECF Nos. 4, 5.) Petitioner does not meaningfully challenge either determination. (ECF No. 15.) Instead, he asks the Court to evaluate the factual basis for his guilty plea and determine whether counsel was ineffective for failing to object. (*Id.*)

Although Petitioner's original Petition raised claims concerning medical evidence, ineffective assistance of counsel, and the validity of his conviction, it did not present the specific plea-colloquy challenge now advanced. (ECF No. 1.) In any event, the Court did not overlook or inadvertently fail to adjudicate those claims; it dismissed the Petition on procedural grounds without reaching their merits. Petitioner cannot use Rule 60(b)(6) to obtain merits review of his conviction in this proceeding. *See Gonzalez*, 545 U.S. at 532.

Accordingly, Petitioner has not demonstrated extraordinary circumstances warranting relief from the judgment under Rule 60(b)(6).

**B. Successive Habeas Claim**

To the extent Petitioner's Motion asserts that his guilty plea was constitutionally invalid or that counsel was ineffective, it presents substantive grounds for habeas relief and must be treated as a second or successive petition. Before filing such a petition, Petitioner must obtain authorization from the Third Circuit. 28 U.S.C. § 2244(b)(3)(A). Without that authorization, this Court lacks jurisdiction to consider the claims. *Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004).

Petitioner has not demonstrated that he obtained the required authorization. The Third Circuit's denial of a certificate of appealability did not authorize him to pursue a successive petition. (*See* ECF No. 17.) Accordingly, the Court dismisses that portion of the Motion without prejudice to Petitioner seeking authorization from the Third Circuit. The Court expresses no opinion on the merits of Petitioner's challenge to the factual basis for his plea or his related ineffective-assistance claim.

**C. Injunctive Relief and Indicative Ruling**

Petitioner's request to suspend or modify the conditions of his Parole Supervision for Life is premised on his contention that the underlying conviction is invalid. (ECF No. 15 at 5–6.) Because Petitioner has not established a likelihood of success on a claim properly before this Court, he is not entitled to the extraordinary relief requested. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that, "A [movant] seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest"); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (holding that a movant must demonstrate a likelihood of success on the merits and that irreparable

harm is more likely than not, after which the Court balances all four preliminary injunction factors). The request for emergency injunctive relief is therefore denied.

Finally, Rule 62.1 applies when a district court is unable to grant relief because an appeal is pending. Fed. R. Civ. P. 62.1(a). The Third Circuit has since denied Petitioner's request for a certificate of appealability and issued its order in lieu of a formal mandate. (ECF No. 17.) As the appeal has concluded, an indicative ruling is unnecessary.

Accordingly, for the reasons set forth above, and for good cause shown,

**IT IS**, on this 20th day of November, 2026,

**ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 15) is **DENIED**; and it is further

**ORDERED** that to the extent the Motion asserts new or successive grounds for habeas relief, it is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, without prejudice to Petitioner seeking authorization from the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A); and it is further

**ORDERED** that Petitioner's request for emergency injunctive relief is **DENIED**; and it is further

**ORDERED** that Petitioner's request for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and close the file.

**Hon. Karen M. Williams,**
**United States District Judge**